IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAUDE NGEFACK,

      Petitioner,

v.                                           No. 2:26-cv-441-KG-JFR

PAMELA BONDI, Attorney General of the United States;
KRISTI NOEM, Secretary, Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
DORA CASTRO, WARDEN, Otero County Processing Center,

      Respondents.[1]

### ORDER DIRECTING AMENDMENT AND
### GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

Before the Court is Petitioner Claude Ngefack's Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition), filed on February 17, 2026.   Petitioner is

detained at the Otero County Processing Center in Chaparral, New Mexico and is proceeding *pro*

*se*.   Also before the Court is Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to

28 U.S.C. § 1915.   (Doc. 2) (IFP Motion).   It appears Petitioner is unable to prepay the $5.00

habeas filing fee.   The Court will grant the IFP Motion pursuant to 28 U.S.C. § 1915(b)(4) and

Petitioner shall be excused from prepaying the filing fee.

Petitioner states he was taken into immigration custody on February 5, 2025, and he

received a removal order from an Immigration Judge on October 1, 2025.   (Doc. 1) at 2, 4.   He

---

[1] The *pro se* Petition does not name a Respondent.   The Court adds the above-mentioned parties as Respondents in this case.   *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

states he filed an appeal of the removal order with the Bureau of Immigration Appeals (BIA) on October 28, 2025, and his appeal is pending. *Id.* at 2-3. Petitioner further states that he filed a "T Nonimmigrant Status" form or petition with the U.S. Citizenship and Immigration Services on February 2, 2026, which is also pending. *Id.* at 5. Petitioner alleges he was unlawfully arrested and has not been provided adequate medical treatment in detention. *Id.* at 5-6, 11. Petitioner challenges his removal order, stating he has a credible fear of returning to his home country. *Id.* at 6. Petitioner asks the Court for "asylum, nonimmigrant status, protection" and to be immediately released from detention while his case is pending. *Id.* at 7, 11.

On this record, the Court cannot adequately evaluate Petitioner's claims under Habeas Rules 1 and 4 to determine whether the Government should file an answer. Petitioner does not state when he entered the United States or whether he received a bond hearing, so the Court is unable to determine if Petitioner raises a claim for failure to provide due process pending a final removal decision under 8 U.S.C. §§ 1225 or 1226. To the extent Petitioner seeks review of a removal order, this Court lacks jurisdiction to consider an immigration judge's order of removal. *See* 8 U.S.C. § 1252; *Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018) (explaining 8 U.S.C. § 1252, or the "zipper clause," limits District Court jurisdiction over claims challenging removal orders, including "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid the jurisdictional bar).

Additionally, Petitioner does not appear to raise a colorable claim challenging his detention under 8 U.S.C. § 1231 or *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001), because his removal order is not yet final. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become

2

final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals.").   To the extent

Petitioner seeks damages relating to the manner of his arrest or injuries suffered during arrest or

confinement, such claims are properly raised in a civil rights proceeding—they are not

cognizable in a habeas corpus proceeding.   *See Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied private action for damages

against federal officers alleged to have violated a constitutional right); *Hamilton v. Bird*, 650

Fed. App'x 585, 588 (10th Cir. 2016) (litigants generally may not assert habeas corpus claims

and civil rights claims in the same action); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir.

2011) (a petition for writ of habeas corpus is only available to challenge the duration of

confinement, not the conditions of confinement).

For the foregoing reasons, it is unclear if Petitioner can raise a colorable claim for habeas

relief.   The Court will require Petitioner to file an amended Section 2241 petition within twenty-

one (21) days of entry of this Order.   The amendment should include more details about when

Petitioner entered the United States; what process (hearings, etc.) Petitioner has received so far;

the status of his immigration proceedings; and whether the Immigration Court has denied him

bond.   The failure to timely amend in accordance with these instructions may result in dismissal

of this case without prejudice and without further notice

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915
   (Doc. 2) is granted;

2. Within twenty-one (21) days of entry of this Order, Petitioner must file an amended
   Section 2241 petition as set forth above;

3

3. The Clerk's Office shall mail Petitioner a blank 28 U.S.C. § 2241 habeas petition; and

4. The Clerk's Office shall add the additional party Respondents set forth in the caption of

this Order to the docket of this case.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4