IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAUDE NGEFACK,

     Petitioner,

v.                                        No. 2:26-cv-441-KG-JFR

TODD LYONS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Claude Ngefack's Motion to Enforce, Doc. 11, and the Government's Response, Doc. 16.  Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 10, did not comply with the due process requirements set forth in that Order.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

## I.    *Background*

Petitioner is a 29-year-old Cameroonian citizen.  Doc. 1 at 28.  He remains detained at the Otero County Processing Center in New Mexico.  *Id*. at 1.

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 10 at 2, 3.  On March 27, 2026, the Court ordered the Government to provide a bond hearing within seven days, at which it had

---

[1] The DAR of the Bond Hearing (March 30, 2026) is on file with the Court and lodged at Doc. 17 (the "Audio Recording").

the burden to justify his continued detention by clear and convincing evidence, or release him. *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on March 30, 2026.  *See* Doc. 16 at 1.  During the hearing, the IJ heard first from the Government.  Audio Recording at 0:21.  The Government argued that Petitioner "clearly is a flight risk" because "he has a removal order" and because Petitioner appealed that order, "he is being detained during the pendency of the appeal." *Id.* at 0:26.  After hearing from Petitioner, the IJ denied bond because Petitioner is "clearly a flight risk due to the fact that [Petitioner] has a pending removal order."  *Id.* at 1:21.  The IJ informed Petitioner of his right to appeal the bond order, and he waived.  *Id.* at 1:28.

Petitioner moves to enforce the Court's prior order, "challenging the procedure" because "at least I was supposed to be given a chance to express myself as a needy and a refuge."  Doc. 11 at 1.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at an 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 10 at 5.  Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework.  To the contrary, the IJ heard from the Government first, and the Government made individualized arguments for Petitioner's continued detention.  Audio Recording at 0:27.  The fact that the IJ concluded that Petitioner "clearly" is a flight risk after only hearing substantive argument from the Government

2

indicates appropriate burden shifting.  *Id.* at 1:21.  This Court's jurisdiction does not extend to reconsidering the IJ's bond determination once the burden was properly shifted.

### III.    Conclusion

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 11, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.